No. 6:15-cv-00130

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| DSS TECHNOLOGY MANAGEMENT, INC., | ) | Civil Action |
| | ) | |
| | ) | No. 6:15-CV-130 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | *Electronically Filed* |
| | ) | |
| GAMESTOP CORP., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## ANSWER AND COUNTERCLAIMS OF GAMESTOP CORP.

Defendant GameStop Corp. ("GameStop") answers the individually numbered paragraphs of the Complaint of Plaintiff DSS Technology Management, Inc., (hereinafter "DSS") and asserts Affirmative Defenses and Counterclaims as follows:

1. GameStop is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

2-3. The averments of these paragraphs do not concern and/or are not directed to GameStop and, therefore, GameStop is without sufficient information to either admit or deny the averments of these paragraphs of the Complaint. On this basis, GameStop denies said averments.

4. Admitted.

5-10. The averments of these paragraphs do not concern and/or are not directed to GameStop and, therefore, GameStop is without sufficient information to either admit or deny the averments of these paragraphs of the Complaint. On this basis, GameStop denies said averments.

11. GameStop admits that this action purports to state a claim under U.S. patent law and that such a claim, if proper, would arise within the Court's subject matter jurisdiction. GameStop denies that it has infringed the asserted patents.

12. GameStop admits that it conducts business in this judicial district and that venue is technically proper, but denies that venue is convenient or appropriate in this judicial district. GameStop denies that it has committed acts of infringement of the asserted patents in this or any other jurisdiction.

13. The averments of this paragraph do not concern and/or are not directed to GameStop and, therefore, GameStop is without sufficient information to either admit or deny the averments of this paragraph of the Complaint. On this basis GameStop denies said averments.

14. GameStop admits that it has conducted business in Texas. GameStop denies the remaining allegations in this paragraph.

15. GameStop admits that it has conducted business in Texas. GameStop denies the remaining allegations in this paragraph and specifically denies that it has infringed the asserted patents in this or any other district.

16-17. The averments of these paragraphs do not concern and/or are not directed to GameStop and, therefore, GameStop is without sufficient information to either admit or deny the averments of these paragraphs of the Complaint. On this basis, GameStop denies said averments.

18. Denied.

19. GameStop is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

20. GameStop admits that U.S. Patent No. 5,965,924 ("'924 Patent") is titled "Metal Plug Local Interconnect," lists Ting P. Yen as inventor, and was issued by the United States

Patent and Trademark Office on October 12, 1999. GameStop admits that a document purporting to be the '924 Patent is attached to the Complaint. GameStop denies the remaining allegations of this paragraph.

21. GameStop admits that U.S. Patent No. 6,784,552 ("'552 Patent") lists James E. Nulty and Christopher J. Petti as inventors, and was issued by the United States Patent and Trademark Office on August 31, 2004. Game Stop admits that a document purporting to be the '552 Patent is attached to the Complaint. GameStop denies the remaining allegations of this paragraph.

22. GameStop is without sufficient information to either admit or deny the averments of this paragraph of the Complaint, and on this basis denies said averments.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27-30. The averments of these paragraphs do not concern and/or are not directed to GameStop and, therefore, GameStop is without sufficient information to either admit or deny the averments of these paragraphs of the Complaint. On this basis, GameStop denies said averments.

31. Denied.

32. GameStop admits that it has knowledge of the '924 Patent as of receiving notice of this lawsuit. GameStop denies the remaining allegations of this paragraph.

33. Denied.

34-50. The averments of these paragraphs do not concern and/or are not directed to GameStop and, therefore, GameStop is without sufficient information to either admit or deny the

averments of these paragraphs of the Complaint. On this basis, GameStop denies said averments.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55-58. The averments of these paragraphs do not concern and/or are not directed to GameStop and, therefore, GameStop is without sufficient information to either admit or deny the averments of these paragraphs of the Complaint. On this basis, GameStop denies said averments.

59. Denied.

60. GameStop admits that it has knowledge of the '552 Patent as of receiving notice of this lawsuit. GameStop denies the remaining allegations of this paragraph.

61. Denied.

62-78. The averments of these paragraphs do not concern and/or are not directed to GameStop and, therefore, GameStop is without sufficient information to either admit or deny the averments of these paragraphs of the Complaint. On this basis, GameStop denies said averments.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

79. The Complaint, and each and every purported claim for relief therein, fail to allege facts sufficient to state a claim against GameStop for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

80. GameStop has not infringed and is not infringing any claims of the '924 Patent or the '552 Patent under any theory, including direct infringement, infringement by inducement, or contributory infringement.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

81. The '924 Patent and the '552 Patent, and all of the claims thereof, are invalid for failure to comply with one or more of the requirements for patentability, including those set forth in the Patent Act, 35 U.S.C. §§ 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

82. Plaintiff is estopped from claiming that the '924 Patent or the '552 Patent cover any method, system, apparatus, or product of GameStop by virtue of the prior art and/or the prosecution history of the patents-in-suit.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, and Acquiescence)

83. Plaintiff's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, and/or acquiescence, including but not limited due to Plaintiff's unreasonable delay in asserting the '924 Patent and the '552 Patent.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

84. To the extent that Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the patents-in-suit to GameStop, its claims are barred pursuant to 35 U.S.C. § 287(a).

## SEVENTH AFFIRMATIVE DEFENSE
### (Patent Exhaustion, License, Estoppel, and Have-Made Rights)

85. Plaintiff is barred from enforcing the '924 Patent and the '552 Patent against GameStop. Under the doctrines of patent exhaustion, implied or express license, estoppel, and have-made rights, the use or sale of products by and/or the use or sale of products supplied by licensees cannot give rise to liability for infringement of such licensed patents.

## COUNTERCLAIMS

Defendant GameStop Corp. ("GameStop"), in support of its Counterclaims against Plaintiff DSS Technology Management, Inc., ("DSS") hereby avers:

1. GameStop is a corporation organized under the laws of Delaware with a principal place of business at 625 Westport Parkway, Grapevine, Texas 76051.

2. Upon information and belief, counterclaim-defendant DSS maintains a principle place of business in Plano, Texas.

3. Jurisdiction of this Court is based upon 28 U.S.C. §§ 1331, 1338(a), 1367, 2201 and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391, and is also based upon the filing by DSS of this action against GameStop in this judicial district.

## COUNTERCLAIM FOR A DECLARATION OF NON-INFRINGEMENT OF UNITED STATES PATENT NO. 5,965,924

5.  GameStop repeats and reavers each and every averment contained in its Answer and Affirmative Defenses, and in paragraphs 1-4 hereof as though fully set forth herein.

6.  This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, *et seq*.) for a declaration that U.S. Patent No. 5,965,924 ("the '924 Patent") is not infringed by GameStop.

7.  An actual controversy exists between GameStop and DSS as to the non-infringement of the '924 patent, as evidenced by, *inter alia*, the Complaint and Answer in this action.

8.  GameStop has not infringed, induced the infringement of, or contributed to the infringement of, any claim of the '924 patent, and does not, and will not, so infringe.

9.  The aforesaid acts of DSS have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to GameStop for which GameStop has no adequate remedy at law and for which GameStop is entitled to declaratory and injunctive relief.

## COUNTERCLAIM FOR A DECLARATION OF INVALIDITY OF UNITED STATES PATENT NO. 5,965,924

10. GameStop repeats and reavers each and every averment contained in paragraphs 1-9 hereof as though fully set forth herein.

11. This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, (*et seq*.) for a declaration that U.S. Patent No. 5,965,924 ("the '924 Patent") is invalid.

12. An actual controversy exists between GameStop and DSS as to the invalidity of the '924 patent, as evidenced by, *inter alia,* the Complaint and Answer in this action.

13. The '924 patent is invalid for failure to meet with the requirements of, *inter alia*, Part II of Title 35 of the United States Code.

14. The aforesaid acts of DSS have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to GameStop for which GameStop has no adequate remedy at law and for which GameStop is entitled to declaratory and injunctive relief.

### COUNTERCLAIM FOR A DECLARATION OF NON-INFRINGEMENT OF UNITED STATES PATENT NO. 6,784,552

15. GameStop repeats and reavers each and every averment contained in its Answer and Affirmative Defenses, and in paragraphs 1-14 hereof as though fully set forth herein.

16. This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, *et seq*.) for a declaration that U.S. Patent No. 6,784,552 ("the '552 Patent") is not infringed by GameStop.

17. An actual controversy exists between GameStop and DSS as to the non-infringement of the '552 patent, as evidenced by, *inter alia*, the Complaint and Answer in this action.

18. GameStop has not infringed, induced the infringement of, or contributed to the infringement of, any claim of the '552 patent, and does not, and will not, so infringe.

19. The aforesaid acts of DSS have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to GameStop for which GameStop has no adequate remedy at law and for which GameStop is entitled to declaratory and injunctive relief.

### COUNTERCLAIM FOR A DECLARATION OF INVALIDITY OF UNITED STATES PATENT NO. 6,784,552

20. GameStop repeats and reavers each and every averment contained in paragraphs 1-19 hereof as though fully set forth herein.

21. This is a counterclaim under the patent laws of the United States (35 U.S.C. §§ 1, (*et seq*.) for a declaration that U.S. Patent No. 6,784,552 ("the '552 Patent") is invalid.

22.  An actual controversy exists between GameStop and DSS as to the invalidity of the '552 patent, as evidenced by, *inter alia*, the Complaint and Answer in this action.

23.  The '552 patent is invalid for failure to meet with the requirements of, *inter alia*, Part II of Title 35 of the United States Code.

24.  The aforesaid acts of DSS have caused, and unless enjoined by this Court, will continue to cause, irreparable damage, loss, and injury to GameStop for which GameStop has no adequate remedy at law and for which GameStop is entitled to declaratory and injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant GameStop Corp. prays for the following relief:

A.  Dismissal of the Complaint herein;

B.  Entry of judgment declaring that GameStop does not infringe and has not infringed, in any way, any claim of U.S. Patent No. 5,965,924;

C.  Entry of judgment declaring that GameStop does not infringe and has not infringed, in any way, any claim of U.S. Patent No. 6,784,552;

D.  Entry of judgment declaring that the claims of U.S. Patent No. 5,965,924 are invalid;

E.  Entry of judgment declaring that the claims of U.S. Patent No. 6,784,552 are invalid;

F.  Awarding GameStop its costs and attorneys' fees incurred in prosecuting this action;

G.  This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees be awarded to GameStop;

  H. That no damages, injunctive relief, costs, expenses, or attorneys' fees be awarded to DSS; and

  I. Awarding GameStop such other and further relief as this Court deems just and proper.

             Respectfully submitted,

Dated: April 15, 2015       *s/ Kent E. Baldauf, Jr.*
                Kent E. Baldauf, Jr. (lead attorney)
                kbaldaufjr@webblaw.com
                THE WEBB LAW FIRM
                One Gateway Center
                420 Ft. Duquesne Boulevard, Suite 1200
                Pittsburgh, PA 15222
                T: (412) 471-8815
                F: (412) 471-4094

                ***Attorneys for Defendant GameStop, Corp.***

No. 6:15-cv-00130

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 15nd day of April, 2015, I electronically filed the foregoing **ANSWER AND COUNTERCLAIMS OF GAMESTOP, CORP.** with the Clerk of the Court and has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                              *s/ Kent E. Baldauf, Jr.*
                                              Kent E. Baldauf, Jr.