UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DSS TECHNOLOGY MANAGEMENT,
INC.,

        Plaintiff,

        vs.

INTEL CORPORATION, ET AL

        Defendants.

Civil Action No. 6:15-cv-130-JRG

JURY TRIAL DEMANDED

## DEFENDANTS CONN'S INC. AND CONN APPLIANCES, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendants Conn's Inc. and Conn Appliances, Inc. (collectively "Conn's") hereby respond to the Original Complaint for Patent Infringement ("Complaint") of Plaintiff DSS Technology Management, Inc. ("Plaintiff") in the correspondingly numbered paragraphs.  Unless expressly admitted, each and every allegation of the Complaint, including any characterizations or allegations contained or implied in any headings or non-numbered paragraphs, are denied.

### I.  THE PARTIES

1.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

2.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

3.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

4.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

5.      Denied.

6.      Denied.

7.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

8.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

9.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

10.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

## II.  JURISDICTION AND VENUE

11.      Conn's admits that the Complaint purports to state a cause of action for alleged patent infringement under the patent laws of the United States, Title 35 of the United States Code.  Conn's admits that this Court has subject matter jurisdiction over causes of action for alleged patent infringement based on 28 U.S.C. §§ 1331 and 1338(a).

12.      Conn's admits the allegation that venue is proper in this district, but contests that this venue is a convenient forum for this action.  Conn's denies all other allegations contained in this paragraph of the Complaint.

13.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

14.      Conn's denies the allegations contained in paragraph 14 of the Complaint.

15.      Conn's denies the allegations contained in paragraph 15 of the Complaint.

16.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

17.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

18.     Conn's denies the allegations contained in paragraph 18 of the Complaint.

19.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

### III.  GENERAL ALLEGATIONS

20.     Conn's denies the allegations contained in paragraph 20 of the Complaint.

21.     Conn's denies the allegations contained in paragraph 21 of the Complaint.

22.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

### IV.  DEFENDANTS' INFRINGEMENT OF THE '924 PATENT

23.     Conn's denies the allegations contained in paragraph 23 of the Complaint.

24.     Conn's denies the allegations contained in paragraph 24 of the Complaint.

25.     Conn's denies the allegations contained in paragraph 25 of the Complaint.

26.     Conn's denies the allegations contained in paragraph 26 of the Complaint.

**A.     Intel's Infringement of the '924 Patent**

27.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

28.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

29.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

30.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

## B.     GameStop's Infringement of the '924 Patent

31.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

32.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

33.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

## C.     Dell's Infringement of the '924 Patent

34.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

35.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

36.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

37.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

## D.     Wal-Mart's Infringement of the '924 Patent

38.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

39.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

40.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

**E.      Conn's Infringement of the '924 Patent**

41.     Conn's denies the allegations contained in paragraph 41 of the Complaint.

42.     Conn's denies the allegations contained in paragraph 42 of the Complaint.

43.     Conn's denies the allegations contained in paragraph 43 of the Complaint.

**F.      NEC's Infringement of the '924 Patent**

44.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

45.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

46.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

**G.      AT&T's Infringement of the '924 Patent**

47.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

48.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

49.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

50.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

## V.  DEFENDANTS' INFRINGEMENT OF THE '552 PATENT

51.     Conn's denies the allegations contained in paragraph 51 of the Complaint.

52.     Conn's denies the allegations contained in paragraph 52 of the Complaint.

53.     Conn's denies the allegations contained in paragraph 53 of the Complaint.

54.     Conn's denies the allegations contained in paragraph 54 of the Complaint.

**A.      Intel's Infringement of the '552 Patent**

55.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

56.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

57.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

58.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

**B.      GameStop's Infringement of the '552 Patent**

59.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

60.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

61.     Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

**C.      Dell's Infringement of the '552 Patent**

62.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

63.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

64.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

65.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

**D.      Wal-Mart's Infringement of the '552 Patent**

66.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

67.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

68.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

**E.      Conn's Infringement of the '552 Patent**

69.      Conn's denies the allegations contained in paragraph 69 of the Complaint.

70.      Conn's denies the allegations contained in paragraph 70 of the Complaint.

71.      Conn's denies the allegations contained in paragraph 71 of the Complaint.

**F.      NEC's Infringement of the '552 Patent**

72.      Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

73. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

74. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

**G. AT&T's Infringement of the '552 Patent**

75. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

76. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

77. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

78. Conn's is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis denies the same.

## VI. DEMAND FOR A JURY TRIAL

79. No response is required.

## VII. PLAINTIFF'S PRAYER FOR RELIEF

Conn's denies that Plaintiff is entitled to the relief set forth in paragraphs 80-88 of its Complaint.

## ADDITIONAL DEFENSES

Conn's asserts the following additional defenses to the Complaint. In so doing, Conn's does not assume any burden of proof on any issue that is Plaintiff's burden as a matter of law. Conn's reserves the right to amend or supplement these defenses as additional facts become known.

1.      <u>Failure to State a Claim</u>:  The Complaint fails to state a claim against Conn's upon which relief can be granted.

2.      <u>Non-Infringement</u>:  Conn's has not infringed, and does not infringe, either directly, indirectly, jointly, contributorily, by inducement, or in any other way, any claim of U.S. Patent No. 5,965,924 ("the '924 Patent") and U.S. Patent No. 6,784,552 ("the '552 Patent") (collectively "the Patents-in-Suit").

3.      <u>Invalidity</u>:  One or more claims of the Patents-in-Suit are invalid for failure to meet one or more of the conditions for patentability of 35 U.S.C. § 101 *et seq*., including, without limitation, §§ 101, 102, 103, 112 and 116 and the rules, regulations and laws pertaining thereto.

4.      <u>Equitable Defenses</u>:  On information and belief, the relief sought by Plaintiff as to the Patents-in-Suit is barred, in whole or in part, under principles of equity, including, but not limited to, waiver, estoppels, acquiescence, unclean hands and laches.

5.      <u>Limitations on Damages and Costs</u>:  Plaintiff's claim for damages, if any, against Conn's for alleged infringement of the Patents-in-Suit is limited by 35 U.S.C. §§ 286, 287 and/or 288.

6.      <u>Injunctive Relief Not Available</u>:  Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, any such alleged injury has an adequate remedy at law, and/or public policy weighs against any injunctive relief.

7.      Conn's investigation of its defenses is continuing, and Conn's expressly reserves the right to assert any additional defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or be available in the future based upon discovery and further investigation in this case.

## COUNTERCLAIMS

Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, Conn's, by and through its undersigned counsel, demands a jury trial and asserts the following Counterclaims against DSS Technology Management, Inc. ("DSS"):

### NATURE OF THE ACTION

This is an action by defendants and counter-claimants Conn's Inc. and Conn Appliances, Inc. (collectively "Conn's") pursuant to Rule 13 of the Federal Rules of Civil Procedure for a declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,965,924 ("the '924 Patent") and U.S. Patent No. 6,784,552 ("the '552 Patent") (collectively "the Patents-in-Suit") arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

### PARTIES

1.      Conn's Inc. is a Delaware corporation with its principal place of business at 4055 Technology Forest Blvd., The Woodlands, Texas 77381.

2.      Conn Appliances, Inc. is a Texas corporation with its principal place of business at 4055 Technology Forest Blvd., The Woodlands, Texas 77381.

3.      Upon information and belief, DSS is a Texas corporation, with its principal place of business in Plano, Texas.

### JURISDICTION AND VENUE

1.      This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. ("the Act"), for a declaratory judgment that the Patents-in-Suit are not infringed by Conn's and that the Patents-in-Suit are invalid.

2.      This is an action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* ("the Act"), for a declaratory judgment that the Patents-in-Suit are not infringed by Conn's and that the Patents-in-Suit are invalid.

3.      DSS asserts that it is the assignee of the Patents-in-Suit, and that it has standing to sue for infringement of the Patents-in-Suit, including the right to recover damages.

4.      A valid and justiciable controversy regarding the Patents-in-Suit exists because DSS asserts infringement of the Patents-in-Suit by Conn's, and Conn's denies these assertions. Therefore, this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.      By filing the Complaint, DSS consents to the personal jurisdiction of this Court.

6.      According to the Complaint, DSS alleges that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Conn's contests that this venue is a convenient forum for this action.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,965,924)

1.      Conn's does not infringe and has not infringed, directly, indirectly, jointly, contributorily, by inducement, or in any other way, any claim of the '924 Patent, either literally or under the doctrine of equivalents.

2.      Pursuant to the Act, Conn's requests a judicial determination and declaration that Conn's does not infringe, directly, indirectly, jointly, contributorily, by inducement, or in any other way, any claim of the '924 Patent, either literally or under the doctrine of equivalents.

### SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity of U.S. Patent No. 5,965,924)**

1.      The claims of the '924 Patent are invalid for failure to meet and conditions of patentability or otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

2.      Pursuant to the Act, Conn's requests a judicial determination and declaration that the claims of the '924 Patent are invalid.

### THIRD COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,784,552)**

1.      Conn's does not infringe and has not infringed, directly, indirectly, jointly, contributorily, by inducement, or in any other way, any claim of the '552 Patent, either literally or under the doctrine of equivalents.

2.      Pursuant to the Act, Conn's requests a judicial determination and declaration that Conn's does not infringe, directly, indirectly, jointly, contributorily, by inducement, or in any other way, any claim of the '552 Patent, either literally or under the doctrine of equivalents.

### FOURTH COUNTERCLAIM
**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,784,552)**

1.      The claims of the '552 Patent are invalid for failure to meet and conditions of patentability or otherwise comply with the requirements set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

2.      Pursuant to the Act, Conn's requests a judicial determination and declaration that the claims of the '552 Patent are invalid.

### RESERVATION OF ADDITIONAL COUNTERCLAIMS

As discovery in this case has not yet commenced, and as Conn's continues to investigate the allegations set forth in the Complaint, Conn's specifically gives notice that is intends to assert

additional counterclaims as may become available by law, statute, or upon discovery in this case. As such, Conn's reserves the right to amend its Answer and to assert additional affirmative defenses and counterclaims as allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Conn's demands a trial by jury on all issues so triable in this action.

## RELIEF REQUESTED

For all these reasons, Honeywell requests that the Court enter a judgment:

A.    Against DSS and in favor of Conn's;

B.    Dismissing DSS's Complaint in its entirety with prejudice, and adjudging that DSS is entitled to no relief whatsoever from Conn's;

C.    Declaring that Conn's has not infringed any asserted claim of the '924 patent;

D.    Declaring that the claim of the '924 patent is invalid and/or unenforceable against Conn's;

E.    Declaring that Conn's has not infringed any asserted claim of the '552 patent;

F.    Declaring that the claim of the '552 patent is invalid and/or unenforceable against Conn's;

G.    Adjudging that DSS take nothing by its Complaint;

H.    Declaring that pursuant to 35 U.S.C. § 285 and/or other applicable laws, DSS's conduct be found to render this an exceptional case and awarding Conn's its attorneys' fees and costs in connection with this action; and

I.    Awarding Conn's such other and further relief as the Court deems appropriate.

-13-

Dated:  May 18, 2015                    Respectfully submitted,


                                        */s/ J. Thad Heartfield*
                                        J. Thad Heartfield
                                        Texas Bar No. 09346800
                                        M. Dru Montgomery
                                        Texas Bar No. 24010800
                                        THE HEARTFIELD LAW FIRM
                                        2195 Dowlen Road
                                        Beaumont, Texas 77706
                                        Phone: 409.866.3318
                                        Fax:    409.866.5789
                                        E-mail: thad@heartfieldlawfirm.com
                                                dru@heartfieldlawfirm.com

                                        **COUNSEL FOR CONN'S INC. AND
                                        CONN APPLIANCES, INC.**




                        **<u>CERTIFICATE OF SERVICE</u>**

        The undersigned certifies that all counsel of record who have consented to electronic
service are being served with a copy of this document via the Court's CM/ECF system per Local
Rule CV-5(a)(3) on this the 18th day of May, 2015.  Any other counsel of record will be served
by first class mail.


                                          */s/ J. Thad Heartfield*
                                        J. Thad Heartfield