## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| DSS Technology Management, Inc., | |
| **Plaintiff,** | Civil Action No. 6:15-cv-130 |
| **v.** | |
| Intel Corporation; Dell, Inc.; GameStop Corp.; Conn's Inc.; Conn Appliances, Inc., NEC Corporation of America; Wal-Mart Stores, Inc.; Wal-Mart Stores Texas, LLC; AT&T Inc., | |
| **Defendants.** | |

### WAL-MART STORES, INC.'S AND WAL-MART STORES TEXAS, LLC'S
### ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT;
### AFFIRMATIVE DEFENSES; AND COUNTERCLAIMS

### ANSWER TO COMPLAINT

In response to Plaintiff's Original Complaint for Patent Infringement, dated February 16, 2015 ("Complaint"), filed by Plaintiff DSS Technology Management, Inc. ("DSS"), Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart"), admit, deny, and aver as follows:

### THE PARTIES

1.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and, therefore, denies such allegations.

2.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies such allegations.

3.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies such allegations.

4.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies such allegations.

5.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, therefore, denies such allegations.

6.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, therefore, denies such allegations.

7.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, therefore, denies such allegations.

8.      In response to paragraph 8 of the Complaint, Walmart admits that it is a Delaware corporation having a principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716, and that Walmart's registered agent for service of process is CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

9.      In response to paragraph 9 of the Complaint, Walmart admits that Wal-Mart Stores Texas, LLC is a Delaware limited liability company having a principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716, and that Walmart Stores Texas, LLC's registered agent for service of process is CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

10.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies such allegations.

## JURISDICTION AND VENUE

11.     In response to paragraph 11 of the Complaint, Walmart admits that the Complaint purports to state a civil action for patent infringement arising under the laws of the United States relating to patents, 35 U.S.C. § 101 *et seq.*, and, if proper, would arise within the Court's subject matter jurisdiction, but denies that Walmart has any liability for alleged patent infringement.

12.     In response to paragraph 12 of the Complaint, Walmart admits that it conducts business in this judicial district, but denies that venue is convenient or appropriate in this judicial district and denies that it has any liability for alleged patent infringement in this or any other judicial district.  Except as so admitted, Walmart denies the allegations of paragraph 12 of the Complaint.

13.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and, therefore, denies such allegations.

14.     In response to paragraph 14 of the Complaint, Walmart admits that it conducts business in this judicial district, but denies the remaining allegations of paragraph 14 of the Complaint.

15.     In response to paragraph 15 of the Complaint, Walmart admits that it conducts business in this judicial district, but denies that it has any liability for alleged patent infringement in this or any other judicial district.

16.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint and, therefore, denies such allegations.

17.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, therefore, denies such allegations.

18.     Walmart denies the allegations of paragraph 18 of the Complaint.

19.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint and, therefore, denies such allegations.

## GENERAL ALLEGATIONS

20.     In response to paragraph 20 of the Complaint, Walmart admits that U.S. Patent No. 5,965,924 ("the '924 patent") is entitled "Metal Plug Local Interconnect," that the '924 patent was issued by the United States Patent and Trademark Office on October 12, 1999, that the '924 patent lists Ting P. Yen as the inventor, and that a copy of the '924 patent is attached as Exhibit A to the Complaint, but denies that the '924 patent was duly and legally issued.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint and, therefore, denies such allegations.

21.     In response to paragraph 21 of the Complaint, Walmart admits that U.S. Patent No. 6,784,552 ("the '552 patent") is entitled "Structure Having Reduced Lateral Plus Erosion," that the '552 patent was issued by the United States Patent and Trademark Office on August 31, 2004, that the '552 patent lists James E. Nulty and Christopher J. Petti as the inventors, and that a copy of the '552 patent is attached as Exhibit B to the Complaint, but denies that the '552 patent was duly and legally issued.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint and, therefore, denies such allegations.

22.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and, therefore, denies such allegations.

## DEFENDANTS' INFRINGEMENT OF THE '924 PATENT

23.     Walmart denies the allegations of paragraph 23 of the Complaint.

24.     Walmart denies the allegations of paragraph 24 of the Complaint.

25.     Walmart denies the allegations of paragraph 25 of the Complaint.

26.     Walmart denies the allegations of paragraph 26 of the Complaint.

**Intel's [Alleged] Infringement of the '924 Patent**

27.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and, therefore, denies such allegations.

28.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and, therefore, denies such allegations.

29.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint and, therefore, denies such allegations.

30.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and, therefore, denies such allegations.

**GameStop's [Alleged] Infringement of the '924 Patent**

31.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and, therefore, denies such allegations.

32.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint and, therefore, denies such allegations.

33.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and, therefore, denies such allegations.

**Dell's [Alleged] Infringement of the '924 Patent**

34.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint and, therefore, denies such allegations.

35.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and, therefore, denies such allegations.

36.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and, therefore, denies such allegations.

37.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint and, therefore, denies such allegations.

### Walmart's [Alleged] Infringement of the '924 Patent

38.    Walmart denies the allegations in paragraph 38 of the Complaint.

39.    Walmart denies the allegations in paragraph 39 of the Complaint.

40.    Walmart denies the allegations in paragraph 40 of the Complaint.

### Conn's [Alleged] Infringement of the '924 Patent

41.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and, therefore, denies such allegations.

42.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and, therefore, denies such allegations.

43.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint and, therefore, denies such allegations.

### NEC's [Alleged] Infringement of the '924 Patent

44.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint and, therefore, denies such allegations.

45.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint and, therefore, denies such allegations.

46.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint and, therefore, denies such allegations.

**AT&T's [Alleged] Infringement of the '924 Patent**

47.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the Complaint and, therefore, denies such allegations.

48.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint and, therefore, denies such allegations.

49.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the Complaint and, therefore, denies such allegations.

50.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the Complaint and, therefore, denies such allegations.

**DEFENDANTS' [ALLEGED] INFRINGEMENT OF THE '552 PATENT**

51.      Walmart denies the allegations of paragraph 51 of the Complaint.

52.      Walmart denies the allegations of paragraph 52 of the Complaint.

53.      Walmart denies the allegations of paragraph 53 of the Complaint.

54.      Walmart denies the allegations of paragraph 54 of the Complaint.

**Intel's [Alleged] Infringement of the '552 Patent**

55.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 of the Complaint and, therefore, denies such allegations.

56.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56 of the Complaint and, therefore, denies such allegations.

57.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57 of the Complaint and, therefore, denies such allegations.

58.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint and, therefore, denies such allegations.

**GameStop's [Alleged] Infringement of the '552 Patent**

59.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the Complaint and, therefore, denies such allegations.

60.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60 of the Complaint and, therefore, denies such allegations.

61.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61 of the Complaint and, therefore, denies such allegations.

**Dell's [Alleged] Infringement of the '552 Patent**

62.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 62 of the Complaint and, therefore, denies such allegations.

63.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63 of the Complaint and, therefore, denies such allegations.

64.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64 of the Complaint and, therefore, denies such allegations.

65.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65 of the Complaint and, therefore, denies such allegations.

**Walmart's [Alleged] Infringement of the '552 Patent**

66.      Walmart denies the allegations of paragraph 66 of the Complaint.

67.      Walmart denies the allegations of paragraph 67 of the Complaint.

68.      Walmart denies the allegations of paragraph 68 of the Complaint.

**Conn's [Alleged] Infringement of the '552 Patent**

69.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69 of the Complaint and, therefore, denies such allegations.

70.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 70 of the Complaint and, therefore, denies such allegations.

71.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 71 of the Complaint and, therefore, denies such allegations.

### NEC's [Alleged] Infringement of the '552 Patent

72.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72 of the Complaint and, therefore, denies such allegations.

73.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73 of the Complaint and, therefore, denies such allegations.

74.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74 of the Complaint and, therefore, denies such allegations.

### AT&T's [Alleged] Infringement of the '552 Patent

75.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 75 of the Complaint and, therefore, denies such allegations.

76.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 76 of the Complaint and, therefore, denies such allegations.

77.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77 of the Complaint and, therefore, denies such allegations.

78.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 78 of the Complaint and, therefore, denies such allegations.


### DEMAND FOR A JURY TRIAL

79.      Walmart admits that DDS has demanded a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

Walmart denies that DDS is entitled to judgment or to any of the relief requested in paragraphs "80" through "88" of the prayer for relief in the Complaint.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Walmart alleges and asserts the following defenses in response to the allegations set forth in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Walmart reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

80.     Walmart has not infringed any valid claim of the '924 patent or the '552 patent (collectively, the "Patents-in-Suit"), either literally or under the doctrine of equivalents, has not induced infringement of any valid claim of the Patents-in-Suit, and has not committed acts constituting contributory infringement of any valid claim of the Patents-in-Suit.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

81.     Each and every claim of the Patents-in-Suit that DDS avers has been infringed by Walmart is invalid and/or unenforceable under one or more provisions of the Patent Laws of the United States, including without limitation, 35 U.S.C. §§ 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

82.     DDS is estopped from claiming that the Patents-in-Suit cover any method, system, apparatus, or product of Walmart by virtue of the prior art and/or the prosecution history of the Patents-in-Suit.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver, Laches, and Acquiescence)

83.     DDS's claims for damages and other relief are barred in whole or in part by the equitable doctrines of waiver, laches, and/or acquiescence, including but not limited to DDS's unreasonable delay in asserting the Patents-in-Suit against Walmart.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Provide Notice)

84.     To the extent that DDS seeks damages for any alleged infringement of the Patents-in-Suit prior to it giving actual notice of the Patents-in-Suit to Walmart, DDS's claims are barred pursuant to 35 U.S.C. § 287(a).

### SIXTH AFFIRMATIVE DEFENSE
### (Patent Exhaustion, License, Estoppel, and Have-Made Rights)

85.    DDS is barred from enforcing the Patents-in-Suit against Walmart.  Under the doctrine of patent exhaustion, implied or express license, estoppel, and have-made rights, the use or sale of products supplied by and/or for the use or sale of products supplied by licensees cannot give rise to liability for infringement of such licensed patents.

### SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

86.    DDS is not entitled to injunctive relief because, *inter alia*, any alleged injury to DDS is not immediate and/or irreparable, and DDS has an adequate remedy at law.

### COUNTERCLAIM FOR DECLARATORY RELIEF

Counter-Claimants Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC (collectively, "Walmart") for their counterclaim against Counter-Defendant DDS Technology Management, Inc. ("DDS"), aver as follows:

### THE PARTIES

86.    Wal-Mart Stores, Inc. is a corporation organized under the laws of Delaware, with a place of business in Bentonville, Arkansas.

87.    Wal-Mart Stores Texas, LLC is limited liability corporation organized under the laws of Delaware, with a place of business in Bentonville, Arkansas.

88.     On information and belief, DDS Technology Management, Inc. is a corporation organized under the laws of Texas.

## JURISDICTION

89.     This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1367, 2201, and 2202.  This counterclaim seeks a declaration of non-infringement and/or invalidity of U.S. Patent No. 5,965,924 ("the '924 patent") and U.S. Patent No. 6,784,552 ("the '552 patent").

90.     In a Complaint dated February 16, 2015 ("Complaint"), Counter-Defendant DDS avers, among other things, that it is the assignee of the '924 patent and the '552 patent, and that Counter-Claimant Walmart has infringed, has induced others to infringe, and/or has committed acts of contributory infringement of one or more claims of the '924 patent and the '552 patent by using, making available for another's use, offering to license or licensing in the United States, selling or offering to sell, and/or importing the "Infringing Products," "such as the Intel Core i3, i5, i7, Celeron, Pentium, and Xeon microprocessors."

91.     On information and belief, DDS's allegations of infringement in the Complaint are directed at one or more products sold by Walmart.

92.     Walmart denies liability for alleged infringement of the '924 patent and the '552 patent.

93.     Accordingly, there is an actual and justiciable controversy between Walmart and DDS as set forth hereinabove.

## FIRST COUNT:

## DECLARATION OF NON-INFRINGEMENT AND
## INVALIDITY OF U.S. PATENT NO. 5,965,924

94.     Walmart repeats and realleges each and every allegation contained in paragraphs 86-93 above as though fully set forth herein.

95.     Walmart has not infringed any valid claim of the '924 patent, either literally or under the doctrine of equivalents, has not induced infringement of any valid claim of the '924 patent, and has not committed acts constituting contributory infringement of any valid claim of the '924 patent.

96.     Upon information and belief, each and every claim of the '924 patent that DDS avers has been infringed by Walmart is invalid under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

97.     A judicial declaration that Walmart's activities and products have not resulted in infringement of any valid claim of the '924 patent is necessary and appropriate so that Walmart can ascertain its rights and duties with respect to designing, developing, manufacturing, importing, using, selling, and offering to sell its products.

## SECOND COUNT:

## DECLARATION OF NON-INFRINGEMENT AND INVALIDITY
## OF U.S. PATENT NO. 6,784,552

98.     Walmart repeats and realleges each and every allegation contained in paragraphs 86-93 above as though fully set forth herein.

99.     Walmart has not infringed any valid claim of the '552 patent, either literally or under the doctrine of equivalents, has not induced infringement of any valid claim of the

'552 patent, and has not committed acts constituting contributory infringement of any valid claim of the '552 patent.

100.    Upon information and belief, each and every claim of the '552 patent that DDS avers has been infringed by Walmart is invalid under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. §§ 102, 103, and 112.

101.    A judicial declaration that Walmart's activities and products have not resulted in infringement of any valid claim of the '552 patent is necessary and appropriate so that Walmart can ascertain its rights and duties with respect to designing, developing, manufacturing, importing, using, selling, and offering to sell its products.

## PRAYER

WHEREFORE, Walmart prays for the following:

a.    Dismissal with prejudice of DDS's Complaint and all claims for relief therein and entry of an order denying DDS any relief in this action;

b.    Entry of a declaratory judgment adjudging that Walmart has not infringed any valid claim of U.S. Patent Nos. 5,965,924 and 6,784,552;

c.    Entry of a declaratory judgment adjudging that each and every claim of U.S. Patent Nos. 5,965,924 and 6,784,552 that DDS avers has been infringed by Walmart is invalid;

d.    An injunction permanently enjoining and restraining DDS and its officers, agents, subsidiaries, partners, servants, employees, and attorneys, and those persons in active concert or participation with them from asserting, enforcing, or threatening or attempting to enforce U.S. Patent Nos. 5,965,924 and 6,784,552 against Walmart and its distributors and customers;

f.    A declaration that this action is an exceptional case and an award to Walmart of its attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

g.    An award to Walmart of its costs of suit; and

      h.      A grant to Walmart of such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Walmart demands a trial by jury on all issues so triable.

Dated:  May 20, 2015            Respectfully submitted,

                      By:  */s/Michael E. Jones*
                          MICHAEL E. JONES
                          Texas Bar No. 10929400
                          Potter Minton
                          A Professional Corporation
                          P.O. Box 359 (75710)
                          110 N. College Ave.
                          500 Plaza Tower
                          Tyler, Texas 75702
                          Telephone:  903.597.8311
                          Facsimile:  903.593.0846
                          Email: mikejones@potterminton.com

                          ***Of Counsel:***

                          LAURA L. CHAPMAN
                          Sheppard Mullin Richter & Hampton LLP
                          Four Embarcadero Center, 17th Floor
                          San Francisco, CA 94111
                          Telephone: (415) 774-3215
                          Facsimile: (415) 434-3947
                          E-mail:  lchapman@sheppardmullin.com

                          Bridgette Agness
                          Sheppard, Mullin, Richter & Hampton LLP
                          333 S. Hope St., 48th Floor
                          Los Angeles, CA 90071
                          Telephone:  213.620.1780
                          Facsimile:  213.620.1398
                          E-mail:  bagness@sheppardmullin.com

                      ***Attorneys for Defendants and Counter-Claimants***
                      ***Wal-Mart Stores, LLC and Wal-Marts Stores Texas, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 20th day of May, 2015.

*/s/Michael E. Jones*